IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMLET GARCIA II, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-mc-00015-JDW |
| : | |
| SHAWN CORY CARTER, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

Hamlet Garcia II brings this miscellaneous matter seeking prelitigation discovery under Federal Rule of Civil Procedure 27(a). He also seeks leave to proceed *in forma pauperis* and has filed an "Emergency Motion for ADA Accommodation." I will grant Mr. Garcia leave to proceed *in forma pauperis*, but I will dismiss the Petition because it is improper under Rule 27, and I will deny the Emergency Motion as moot.

### I.     FACTUAL ALLEGATIONS

Mr. Garcia seeks "pre-litigation discovery to prevent spoliation of critical evidence related to anticipated unjust enrichment" and other state law tort claims he might seek to file in the future against Shawn Corey Carter ("Jay-Z"), Robert Rihmeek Williams ("Meek Mill"), REFORM Alliance, their legal counsel Brian McMonagle and Joseph Tacopina, and various John and Jane Doe Defendants. He asserts that he "authored and filed legal arguments and strategic motions" in a Pennsylvania state court criminal case involving Meek Mill, "which were subsequently suppressed, delayed, and procedurally manipulated" but Williams's legal team then filed nearly identical arguments. (ECF No. 2

at 3.) Mr. Garcia claims that Jay-Z and REFORM financially backed the legal strategy that mirrored his filings, and Meek Mill's attorneys received compensation "to litigate a case already structured by [Garcia]" after he "engaged in direct legal advocacy."[1] (*Id*.)

Mr. Garcia expects to be a party to a future action raising state law tort claims for unjust enrichment, misappropriation of work, fraudulent misrepresentation, and civil conspiracy against the Respondents based on his work in Meek Mill's criminal case, but he needs discovery to preserve evidence at risk of being lost. He seeks to use Rule 27 to obtain financial records, legal communications including billing records, and communications between REFORM and government officials that the Respondents control. He seeks prelitigation discovery in the form of subpoenas compelling the Respondents to produce records and appear for depositions.

Attached to the Petition are 208 pages of documents including a "Notice of Intent to Sue" that contains a description of Mr. Garcia's state law claims, correspondence to Mr. McMonagle, Right-To-Know Law requests, a writ of *habeas corpus* Mr. Garcia filed for Meek Mill as his next-friend, various documents that Meek Mill's counsel submitted before state courts, and a statement of Mr. Garcia's prior public disclosure of his legal strategy.

---

[1] Mr. Garcia does not allege that he is an attorney admitted to practice law in Pennsylvania or that he was authorized to act on Williams's behalf.

## II.     LEGAL STANDARDS

"Rule 27(a) provides for perpetuation of testimony prior to trial … ." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975).

> The scope of discovery allowed under Rule 27 is much narrower than that available under the general discovery provisions of Rule 26. Rule 27 applies to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time. Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost.

*Id*. (cleaned up). The Rule "permits the requested relief where: (1) the anticipated action is within federal jurisdiction; (2) the petitioner is presently unable to bring or cause to be brought the underlying action; and (3) there is a reason or need to perpetuate the testimony sought." *In re State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975). It "is not a substitute for discovery" and "is [only] available in special circumstances to preserve testimony which could otherwise be lost." *Ash*, 512 F.2d at 912.

"Rule 27 is not appropriate for the purpose of discovering facts for a future lawsuit." *Robinson v. Winslow Twp.*, No. 10-2824, 2010 WL 3326678, at *5 (D.N.J. Aug. 23, 2010). "Rule 26, and not Rule 27, provides the method for discovering facts and that rule may be availed only after action has been commenced" such that "[if] petitioners wish to investigate [a] claim against [respondents], they may do so in the context of the discovery they take after they file their complaint." *Id.*. "Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to

3

enable a person to fish for some ground for bringing suit would be an abuse of the rule" because "Rule 27 simply authorizes the [perpetuation] of evidence, not the discovery or uncovering of it." *In re Vratoric*, 2009 WL 3526562 at *2.

The jurisdictional requirement for a miscellaneous action under Rule 27 is not the same as a civil action. The question is not whether there is a federal question or diversity of citizenship among the parties named in the petition. Instead, the question is whether the petitioner asserts that federal jurisdiction could possibly exist over the contemplated action for which he seeks prelitigation discovery. *See Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979).

### III.    ANALYSIS

Mr. Garcia's petition fails for two reasons. *First*, he has not demonstrated that it relates to an action that would be cognizable in a federal court. He doesn't suggest that his contemplated lawsuit would rest on federal question jurisdiction. Instead, he suggests it would assert state law claims. He also doesn't demonstrate that diversity jurisdiction would exist. He doesn't plead the citizenship of all the parties, even though it's his burden to establish jurisdiction. *See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)). And, although he asserts that "[c]omplete diversity exists between [himself], a Pennsylvania resident, and Respondents, including Shawn Corey Carter (New York), REFORM Alliance (multi-state entity), and others" (ECF No. 2. at 3), he doesn't allege the citizenship of those "others." I note,

however, that the "others" appears to include Mr. McMonagle, an attorney in Philadelphia, and Mr. Tacopina. Their presence in his underlying case almost certainly would destroy diversity jurisdiction. He also doesn't allege the citizenship of REFORM Alliance.

*Second*, Mr. Garcia's Petition fails because has not shown a reason to think that any of the information that he seeks would be unavailable in the future. Rule 27 applies to preserve evidence at risk of loss. Mr. Garcia has not identified a witness whose testimony might be unavailable in a future lawsuit. And, even if I read Rule 27 to permit document discovery, Mr. Garcia has not demonstrated that any of the documents or other information that he seeks is at risk of destruction or loss. He cannot use Rule 27 as a substitute for discovery under Rule 26 or an analogous state rule in the future, but that's what he is doing.

## IV.   CONCLUSION

Mr. Garcia has not demonstrated that this Court has jurisdiction over his Petition or that the Petition is proper. I will therefore dismiss it. An appropriate Order follows.

An appropriate Order will be entered separately.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 9, 2025

5